(Decided 17th March, 1881.)

ANN H. HARRYMAN *vs.* SAMUEL W. STARR, Guardian of ELIZABETH E. STARR and RÓBERT STARR.

*Writ of Habere facias possessionem.*

On the 25th of November, 1873, Lucretia Harryman filed a bill in the Circuit Court for Baltimore County, for the partition of certain real estate in said county, which she and her brother, Amos A. Harryman, possessed as tenants in common. The bill also prayed for further relief. To this bill the said Amos, one of the defendants, entered a general demurrer. On the 19th of March, 1875, pending the litigation, the said Amos conveyed his interest in the property to the appellant, his wife, and on the 12th of May following, they conveyed the same to Achsah Perine. Being satisfied by the proof that a sale would be ordered at the final hearing, the Court, on the 3rd of June, 1876, decreed that the property should be sold, and appointed E. and K. trustees to sell. At the sale made by the trustees under this decree, the said Amos became the purchaser, and upon the ratification of the sale, the trustees conveyed to him the property. Subsequently, on the 30th of May, 1877, the appellant and her husband, Amos, mortgaged said property to the appellee to secure the payment of $1845. This mortgage recited, first, the execution of a prior mortgage, by which the mortgagors conveyed their then existing interest in the property, to the mortgagee, the appellee; and secondly, that since the execution of said prior mortgage, E. and K. as trustees, had sold and conveyed to the said Amos all the interest of *the parties to the suit of Lucretia Harryman, et al. against Amos A. Harryman, et al.,* in

the Circuit Court for Baltimore County, in and to said property. Under this mortgage the property was sold, and the appellee became the purchaser, and upon the ratification of the sale, he applied to the Court for a writ of *habere facias possessionem*, against the appellant, the surviving mortgagor, the other mortgagor, her husband, being dead. The appellant objected, and alleged as reasons against the issuing of the writ,

    1st. That long prior to the execution of the mortgage, under which the appellee claimed, her husband conveyed to her his undivided moiety in the property, and that subsequently she, her husband uniting, conveyed said moiety to Achsah Perine.

    2nd. That the Court had no power to pass the decree under which the property was sold, and her husband acquired no interest in said property under the sale made by the trustees.

    3rd. That the appellee, if he acquired any interest in the property under the mortgage, acquired only the remaining moiety, and not the entirety.

    4th. That she was in possession under Achsah Perine, who was in, and was entitled to, the possession of her undivided moiety in the property. HELD:

1st. That if the sale made by the trustees E. and K. under the decree in the equity case, was a valid sale, Amos, the purchaser, was entitled to the interest of all the parties to that suit, and to the interest also of all others claiming under such parties pending the litigation, and neither Achsah herself, nor the appellant in her behalf, could set up the former's interest or possession under it against the appellee claiming title under Amos, the purchaser.

2nd. That if the decree for the sale of the property was improvidently passed, and Amos consequently did not acquire an unimpeachable title, the appellant would not be heard to say that the title to the property sold under the mortgage, which she united with the said Amos, her husband, in conveying to the appellee, was defective.

3rd. That the appellee was entitled to the writ of possession.

APPEAL from the Circuit Court for Baltimore County, in Equity.

The appeal in this case was taken from an order of the Court below, overruling objections to the issuing of a writ of *habere facias possessionem*, and awarding the writ. The case is stated in the opinion of this Court.

The cause was argued before BARTOL, C. J., MILLER, ALVEY, ROBINSON and IRVING, J.

*Geo. Hawkins Williams*, for the appellant.

*William S. Keech* and *John I. Yellott*, for the appellee.

It is immaterial whether this be treated as a proceeding under the Act of 1878, ch. 141, or Art. 64, sec. 18, of the Code. At the time of the sale under the mortgage, the appellant, the surviving mortgagor, was in the *actual* possession of the property. The proceeding was necessarily against her, and whatever title Mrs. Perine, who was no party to the proceeding had, the appellant could not defend for her. It is true, the nature of her holding was inquirable into, (*Nutwell's Case,* 47 *Md.,* 38,) but Mrs. Harryman was estopped by the execution of the mortgage to the appellee from making the defence she does for Mrs. Perine, who held by an adverse and prior title to the date of the mortgage. She was a mortgagor,— a grantor, as such, she could not deny the title of her grantee and mortgagee. *Warfield vs. Ross,* 38 *Md.,* 85 ; *Funk vs. Newcomer,* 10 *Md.,* 301.

Mrs. Perine should have come in and made her own defence, or she must assert her title by an original proceeding. *Griffith vs. Hammond,* 45 *Md.,* 85.

Mrs. Perine having acquired title from Ann Harryman, and Ann having acquired from Amos Harryman in 1875, while Amos was the sole defendant in an equity cause, directly affecting the property, she acquired title *pendente lite,* and took the property subject to a *lis pendens.* The suit was instituted for partition ; the bill contained a prayer for general relief. An amended or supplemental bill was filed therein, subsequent to Mrs. Perine's purchase, but prior to the recording of her deed, by which new parties were made and a sale prayed for. The suit resulted in a sale, and Mrs. Perine's claim, if she has

any, is against the proceeds arising therefrom. *Inloes vs. Harvey,* 11 *Md.,* 519; *Applegarth vs. Russell,* 25 *Md.,* 317; *Tongue vs. Morton,* 6 *H. & J.,* 21.

The facts relied upon by the appellant, 1st, that subsequent to the trustee's sale, the whole proceeding was set aside upon a demurrer to the bill, and 2nd, that in ordering a sale, prior to final decree, without the proof required by the statute, the action of the Court was a nullity, cannot avail, as the title of the purchaser will be sustained, though the decree or judgment under which he purchased be set aside; and it being conceded that the Court had jurisdiction, no supposed irregularity can be inquired into in this collateral proceeding. *Barney vs. Patterson,* 6 *H. & J.,* 182; *Chew vs. Beall,* 13 *Md.,* 347; *Dorsey vs. Thompson,* 37 *Md.,* 45; *Dorsey vs. Garey,* 30 *Md.,* 489.

ROBINSON, J., delivered the opinion of the Court.

On the 30th of May, 1877, the appellant and her husband Amos, mortgaged the property in controversy, to Samuel W. Starr, the appellee, to secure the payment of $1845.00.

The mortgage recites, 1st, the execution of a prior mortgage, by which the mortgagors conveyed to the mortgagee, their then existing interest in the property; 2ndly, that since the execution of said prior mortgage, D. C. H. Emory and William S. Keech, trustees, had sold and conveyed to the said Amos, all the interest of *the parties to the suit of Lucretia Harryman and others, against Amos A. Harryman and others,* on the equity side of the Circuit Court for Baltimore County, in and to said property.

In consideration of the premises, the appellant and her husband conveyed to the appellee, all their interest in the property thus acquired, and in the description of the same, refer to the deed of D. C. H. Emory and William S. Keech, trustees, to the said Amos, the husband.

In order to understand precisely the nature and character of the interest of the mortgagors, in the property thus conveyed to the appellee, it is necessary to refer to the proceedings in the suit of Lucretia Harryman and others, under which the property was sold by the trustees to Amos. By these proceedings, it appears that the real estate in dispute, originally belonged to Amos and his sister Lucretia, as tenants in common. On the 25th November, 1873, a bill was filed by Lucretia for partition of said property, and for other relief, to which bill Amos, one of the defendants, entered a *general demurrer*. On the 19th March, 1875, pending the litigation, Amos conveyed his interest in the property to his wife, the appellant, and on the 12th of May following, the appellant and her husband conveyed the same to Achsah Perine.

Being satisfied by the proof, that a sale would be ordered at the final hearing, the Court on the 3rd June, 1876, decreed that the real estate should be sold and appointed D. C. H. Emory and William S. Keech, trustees. At the sale made by the trustees under this decree, Amos became the purchaser, and upon the ratification of the sale, the trustees conveyed to him the property. Assuming for the purposes of this case, that the sale thus made by the trustees was a valid sale, it is clear that Amos acquired all the interest of the parties to the equity suit, including also the interest of Achsah Perine derived from Amos, one of the defendants, pending the litigation.

Being thus entitled to the interest of all the parties in that suit, and which was in point of fact the entire estate, Amos and his wife, by mortgage dated the 30th May, 1877, conveyed the property to the appellee, the recitals in which we have referred to in a former part of this opinion.

Under this mortgage the property was sold and the appellee became the purchaser, and upon the ratification of the sale he applied to the Court for a writ of "*habere*

*facias,"* against the appellant, one of the parties to the mortgage. Against the issuing of the writ, the appellant files sundry objections :

1st. She alleges that long prior to the execution of the mortgage, under which the appellee claims, her husband Amos, conveyed to her his undivided moiety in the property, and that subsequently, she, her husband uniting, conveyed said moiety to Achsah Perine, to whom the said undivided moiety now belongs.

2ndly. She alleges that the Court had no power to pass the decree under which the property was sold, and that her husband Amos acquired no interest in said property under the sale made by the trustees.

3rd. That if the appellee, acquired any interest in the property under the mortgage, it was but a *moiety, and not the entirety.*

4th. That she is in possession under Achsah Perine, who was in, and is still entitled to the possession of her undivided moiety in the property.

The interest of Achsah was derived under Amos, one of the defendants in the equity case, pending the suit, and as we have said before, if the sale made by the trustees under the decree in that case was a valid sale, Amos, the purchaser, was entitled to the interest of all the parties to the suit, and to the interest also of all others claiming under such parties pending the litigation. If so, neither *Achsah herself, nor the appellant in her* behalf, can set up such interest or possession under it, against the appellee claiming title under Amos, the purchaser. On the other hand, if it be conceded, that the decree for the sale of the property was improvidently passed, and that Amos did not therefore acquire an unimpeachable title, it does not now lie in the mouth of the appellant, to set up such objections to the writ of *habere facias,* claimed by the appellee. The mortgage under which the latter claims, and to which the appellant was a party, recites that the

Harryman *vs.* Starr.

title of Amos was derived under the sale made by the trustees in the equity case, and that it embraced the entire interest at law and in equity of all the parties to that suit ; and it was the interest thus acquired that the appellant and her husband conveyed to the appellee. And now that the property has been sold under the mortgage, the appellant will not be heard to say, in answer to the application of the purchaser for a writ of possession, that the title which she united in conveying to the mortgagee is defective, and that under it the purchaser is not entitled to possession.

We are, therefore, of opinion, that the several objections relied on by the appellant in her answer, furnish no grounds for refusing the writ of possession prayed by the appellee.

In the view we take of this case, it is unnecessary to express any opinion in regard to the nature and character of the paper purporting to be a deed from Achsah Perine to the appellant, or in regard to the rights of the parties under it. In this proceeding, the appellant seems to disclaim any interest under it. Nor is it necessary to express any opinion in regard to the propriety of the order of the Court, directing the counsel of the appellant to produce said paper before the commission appointed to take testimony.

Being of opinion, that the appellee is entitled to the writ of possession as prayed, the order of the Court overruling the objections relied on by the appellant in her answer, and directing the writ to be issued, will be affirmed.

*Order affirmed.*

(Decided 17th March, 1881.)